IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY 1998 SESSION

FILED

July 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| Appellee, | ) C.C.A. No. 02C01-9708-CC-00333 |
| | ) |
| V. | ) Hardin County |
| | ) |
| **MICHAEL BENSON,** | ) Honorable C. Creed McGinley, Judge |
| | ) |
| Appellant. | ) (Probation Denial) |
| | ) |
| | ) |

FOR THE APPELLANT:

Guy T. Wilkinson
Public Defender

Richard DeBerry
Assistant Public Defender
605 Court Street, Suite 3
Savannah, TN 38372

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Douglas D. Himes
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Robert "Gus" Radford
District Attorney General

John Overton
Assistant District Attorney General
P.O. Box 484
Savannah, TN 38372

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Michael Benson, appeals his sentence of six years for the killing of his brother-in-law, Donnie Ray Qualls.[1] On June 4, 1997, the appellant pled guilty to voluntary manslaughter pursuant to a negotiated plea agreement and received a six-year sentence as a Range I, standard offender. A sentencing hearing was held on August 4, 1997, and the trial court denied the appellant's request for an alternative sentence. He was ordered to serve his sentence in confinement.

The appellant's sole issue on appeal is whether the trial court erred by denying him probation. We affirm the appellant's sentence.

On November 6, 1996, Donnie Ray Qualls, the victim and brother-in-law of the appellant, went to the appellant's house. He had gone there to pick up his child. An altercation apparently ensued, and the appellant shot his brother-in-law with a shotgun. According to the appellant, Qualls had threatened him earlier during a telephone conversation, and while at the appellant's house, Qualls approached the appellant. The appellant told Qualls to stop, and when he did not, the appellant shot him.

The victim's wife and the appellant's sister, Kimberly Qualls, testified at the sentencing hearing. She stated that the appellant had shown no remorse for the killing and that he laughs about it. She also testified that the appellant will not leave her alone, stating that he has been near her house and has called her on the telephone.

At the sentencing hearing, the appellant testified that he had not laughed about the killing. Furthermore, he stated that he had called his sister's house to

_____

[1] The indictment spells the victim's name Donny, but the transcript spells the name Donnie. We will use the spelling in the transcript.

contact their younger sister about employment, not to harass his sister as she had testified.

In denying the appellant's request for probation, the trial court found that confinement was necessary to avoid depreciating the seriousness of the offense and to provide an effective deterrence to others.

The appellant argues that the trial court erred in not granting his request for an alternative sentence. He asserts that the trial court relied primarily "on the fact of a death and deterrence in not granting probation." He contends that although a death occurred, that alone does not justify a denial of probation. Furthermore, the appellant notes that the trial court found that he was a standard offender of a Class C felony, and the appellant asserts that based on that determination, he was entitled to the statutory presumption that he is a favorable candidate for alternative sentencing.

With respect to deterrence, the appellant contends "that before the Trial Court can deny alternative sentencing on the ground of deterrence, there must be some evidence contained in the record that the sentence imposed will have a deterrent effect within the jurisdiction." He insists that there is nothing in the record to indicate that denying him probation would have a deterrent effect.

The state insists that the trial court properly ordered the appellant to serve his sentence in confinement. The state argues that it successfully rebutted the presumption for alternative sentencing. Although the state acknowledges that a death alone does not overcome the presumption in favor of alternative sentencing, it maintains that a death is a factor that can be considered.

When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). However, this presumption is conditioned on an affirmative indication in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The appellant bears the burden of showing that the sentence was improper. Id. In determining whether the appellant has met this burden, this Court must consider (a) the evidence adduced at trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel; (e) the nature and characteristics of the offense; and (f) the appellant's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1997).

As the trial court observed during the sentencing hearing, the first step is to determine whether the appellant is entitled to the statutory presumption that he is a favorable candidate for alternative sentencing. For a defendant to be entitled to this presumption, three criteria must be met under Tennessee Code Annotated §§ 40-35-102(5) and -102(6) (1997): the defendant must be an especially mitigated or standard offender; he or she must be convicted of a Class C, D, or E felony; and he or she must not fall within the parameters of Tennessee Code Annotated § 40-35-102(5), which states that a defendant cannot have a criminal history that shows a "clear disregard for the laws and morals of society" or "failure of past efforts at rehabilitation." The trial court found the appellant to be a standard offender of a Class C felony and found that he

-4-

does not have a significant criminal history.[2]

By providing evidence to the contrary, the state may rebut the presumption that the defendant is a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(6) (1997). Insight regarding what constitutes "evidence to the contrary" is provided at Tennessee Code Annotated § 40-35-103:

> (1) Sentences involving confinement should be based on the following considerations:
>     (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>     (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>     (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

State v. Bingham, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995) (citing State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991)). The trial court found that the appellant did not have a significant prior record. Thus, subsections (A) and (C) were not applicable. However, the court did find that confinement was necessary to avoid depreciating the seriousness of the offense and to provide an effective deterrence to others likely to commit similar offenses. Tenn. Code Ann. § 40-35-103(1)(B) (1997).

For a trial court to deny an alternative sentence based on the seriousness of the offense, the circumstances of the offense "'must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring a sentence other than confinement." Bingham, 910 S.W.2d at 454 (quoting State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991)).

---

[2] In 1988, the appellant was convicted of driving under the influence in California. He served 48 hours in jail and was fined $1,000. Also, the appellant received a general discharge from the United States Navy for unauthorized absences.

The occurrence of a death cannot alone constitute sufficient evidence to the contrary under Tennessee Code Annotated § 40-35-102(6). Id. at 455. The trial court's denial of an alternative sentence based on the seriousness of the offense under Tennessee Code Annotated § 40-35-103(1)(B) (1997) can only be upheld if the Hartley conditions are in the record.

The trial court also denied alternative sentencing based on deterrence. However, the record must contain some evidence that the sentence imposed will have a deterrent effect within the jurisdiction before a trial court can deny alternative sentencing based on this ground. State v. Bonestel, 871 S.W.2d 163, 169 (Tenn. Crim. App. 1993). Furthermore, conclusory statements are insufficient, and only when there is proof of the deterrent effect within the jurisdiction will denial be upheld. Ashby, 823 S.W.2d at 170.

The appellant insists that he should have received full probation. However, we note that although the appellant is entitled to the presumption of alternative sentencing, he, not the state, has the burden of establishing suitability for full probation. Tenn. Code Ann. § 40-35-303(b) (1997). To meet this burden, the appellant must illustrate how probation will "subserve the ends of justice and the best interest of both the public and the defendant." Bingham, 910 S.W.2d at 456 (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

In determining the appropriate sentence, the trial court may not consider any factor that is an element of the offense. Id. Thus, the occurrence of a death, which the trial court emphasized in denying probation, is not relevant in the determination of whether the appellant is entitled to full probation.

Tennessee Code Annotated § 40-35-103(5) (1997) provides the "potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed."   Furthermore, a defendant's failure to accept responsibility for his crimes is relevant to his rehabilitation potential.  State v. Zeolia, 928 S.W.2d 457 (Tenn. Crim. App. 1996).

The victim's wife and the appellant's sister, Kimberly Qualls, in her impact statement and in her testimony at the sentencing hearing stated that the appellant had not shown any remorse for what he had done.  At his sentencing hearing, the appellant's response to this statement by his sister was "I hate it for everyone concerned with this.  I'm very sorry for everyone that's dealing with this. But I had no other choice."   Also, when asked about his difficulty in finding steady employment, the appellant responded: "My nerves and stuff, you know, is bothering me.  Other than that, it's just waiting on this situation to ease on away so I can get re-established." (emphasis added).

We recognize that the appellant was in his own home at the time of the shooting and that he contends he had no other choice but to shoot Donnie Ray Qualls.   However, we must agree with the victim's wife that the appellant has offered little proof of genuine remorse for his actions.    At his sentencing hearing, the appellant appeared more concerned with getting "this situation to ease on away" and with re-establishing himself than he was in accepting responsibility and showing genuine remorse for his actions.  When given an opportunity to make a statement to be included in his presentencing report, he declined.  As we noted earlier, the appellant has the burden to establish his suitability for probation.  In this case, we find that he has failed to meet this burden.

On appellate review, we always appreciate detailed findings by the trial court.  When they exist, the presumption of correctness on sentencing issues takes effect.  On the issue of overcoming the presumption of some alternative sentencing, we exercise our <u>de novo</u> sentencing authority in this case.  We find, based upon the totality of the circumstances, that the appellant's crime is reprehensible and offensive.  We are also concerned that he expresses no genuine remorse.  If he is to benefit from probation and the state's largesse, he needs to act like he is a proper and suitable candidate.

We affirm the sentence in its entirety.


_____
PAUL G. SUMMERS, Judge


CONCUR:


_____
JOHN H. PEAY, Judge

_____
THOMAS T. WOODALL, Judge